UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVERETT L SPILLARD,<br><br>          Plaintiff,<br><br>     v.<br><br>NURSE IVERS, et al.,<br><br>          Defendants. | Case No. 19-cv-01407-JST<br><br>**ORDER VACATING JUDGMENT AND REOPENING ACTION; SETTING BRIEFING SCHEDULE**<br><br>Re: ECF Nos. 52, 53 |

Plaintiff, an inmate housed at California Medical Facility, filed the instant *pro se* civil rights action under 42 U.S.C. § 1983. For the reasons set forth below, the Court VACATES the September 22, 2021 judgment, ECF No. 53, and VACATES the portion of the Court's September 22, 2021 Order granting summary judgment in favor of Defendants; REOPENS this action, and sets a briefing schedule.

**DISCUSSION**

Plaintiff brought suit against Humboldt County Jail nurse Iver Lien and doctor Michael Burleson ("Defendants"), alleging that (1) they gave him psychiatric medication, specifically nortriptyline, without his knowledge, in violation of his Fourteenth Amendment's due process right to refuse unwanted medical treatment, and (2) during Plaintiff's first month at Humboldt County Jail, they failed to give Plaintiff metformin to treat his diabetes, in violation of the Eighth Amendment's prohibition on deliberate indifference to an inmate's serious medical needs. ECF Nos. 24, 25, 45. On December 28, 2020, the Court granted summary judgment in favor of Defendants on the deliberate indifference to serious medical needs claim. ECF No. 45. On September 22, 2021,

On December 28, 2020, the Court granted summary judgment in favor of Defendants on

the Fourteenth Amendment claim on the grounds that Defendants were entitled to qualified immunity, and entered judgment in favor of Defendants. ECF Nos. 52, 53.

On August 4, 2023, the Ninth Circuit found that this Court erred in granting summary judgment in favor of Defendants on the basis of qualified immunity because Defendants are privately employed medical providers and the defense of qualified immunity is therefore categorically unavailable to them. ECF No. 58 at 1. The Ninth Circuit also rejected Defendants' alternative bases for affirming the grant of summary judgment:

> Contrary to [Defendants'] position, the due process rights "to be free from unjustified intrusions to the body, to refuse unwanted medical treatment and to receive sufficient information to exercise these rights intelligently," *Benson v. Terhune*, 304 F.3d 874, 884 (9th Cir. 2002) (citations omitted), are not categorically limited to antipsychotic drugs, *see id.* at 880–81, or situations where the drug at issue is administered for mental health reasons, *id.* at 877–78, 884; *see also Johnson v. Meltzer*, 134 F.3d 1393, 1397 (9th Cir. 1998) (applying informed consent in the context of U-74,006F, an experimental drug "typically used to treat patients with severe head injuries to control intracranial pressure"). The record shows that nortriptyline is "pharmacologically categorized as an antidepressant medication," and had the potential for serious side effects. Factual questions also remain as to whether Spillard's use of the drug was involuntary or unwanted, as Spillard was not aware that the medication he was taking was nortriptyline until he was transferred out of Humboldt County Jail. Therefore, *Riggins v. Nevada*, 504 U.S. 127 (1992), is not categorically inapplicable to the circumstances here. When the facts are viewed in the light favorable to Spillard, as they must be at this stage, this is a case of unwanted administration of medication to which *Riggins* and its progeny applies. Under *Riggins*, Defendants-Appellees have not shown as a matter of law that their administration of nortriptyline was (1) medically appropriate and (2) justified by the circumstances. *Id.* at 135.

ECF No. 58 at 2-3.

Pursuant to the Ninth Circuit's August 4, 2023 order, this Court now orders as follows: The Court VACATES the September 22, 2021 judgment, ECF No. 53, and VACATES the portion of the Court's September 22, 2021 Order granting summary judgment in favor of Defendants, ECF No. 52. The Clerk is directed to REOPEN this action.

The claim remaining in this action is whether Defendants' administration of nortriptyline without Plaintiff's consent violated the Fourteenth Amendment. The Court sets the following briefing schedule to address this claim. Within ninety-one (91) days of the date of this order,

Defendants shall file a dispositive motion addressing this claim. The dispositive motion should also address whether, under *Riggins v. Nevada*, 504 U.S. 127, 135 (1992), Defendants' administration of nortriptyline was (1) medically appropriate and (2) justified by the circumstances. Plaintiff's opposition to the dispositive motion shall be filed and served no later than twenty-eight (28) days from the date the dispositive motion is filed. Defendants shall file a reply brief no later than fourteen (14) days after Plaintiff's opposition is filed. The parties may supplement the record with any evidence needed to support their briefs. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion.

If Defendants are of the opinion that this case cannot be resolved by summary judgment, Defendants must so inform the Court prior to the date the dispositive motion is due.

The Court reopens discovery. Discovery may be taken in accordance with the Federal Rules of Civil Procedure.

## CONCLUSION

For the foregoing reasons, the Court orders as follows.

1. The Court VACATES the September 22, 2021 judgment, ECF No. 53, and VACATES the portion of the Court's September 22, 2021 Order granting summary judgment in favor of Defendants, ECF No. 52.

2. The Clerk is directed to REOPEN this action.

3. Within ninety-one (91) days of the date of this order, Defendants shall file a dispositive motion addressing the remaining Fourteenth Amendment claim identified above. The dispositive motion should also address whether, under *Riggins v. Nevada*, 504 U.S. 127, 135 (1992), Defendants' administration of nortriptyline was (1) medically appropriate and (2) justified by the circumstances. Plaintiff's opposition to the dispositive motion shall be filed and served no later than twenty-eight (28) days from the date the dispositive motion is filed. Defendants shall file a reply brief no later than fourteen (14) days after Plaintiff's opposition is filed. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion.

4. The Court reopens discovery. Discovery may be taken in accordance with the

Federal Rules of Civil Procedure.  The parties may supplement the record with any evidence needed to support their briefs.

    5.     If Defendants are of the opinion that this case cannot be resolved by summary judgment, Defendants must so inform the Court prior to the date the dispositive motion is due.

**IT IS SO ORDERED.**

Dated:  January 25, 2024



_____
JON S. TIGAR
United States District Judge